## Johns v. Parsons, et al.

(Decided October 28, 1919.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Principal and Agent—Authority of Agent—Third Persons Dealing with Agent—Notice.—Every agency is subject to the legal limi-

tation that it cannot be used for the benefit of the agent himself or any person other than the principal, in the absence of an agreement that it may be so used; and, as this is a matter of law, and not of fact, all persons must take notice of it.

2. Principal and Agent—Authority of Agent—Misuse of Principal's Property—Liability of Third Person.—Through her brother and agent, plaintiff agreed to trade a house and lot to defendant for three unimproved lots and $100.00. Plaintiff made the conveyance and defendant conveyed the lots to plaintiff by deed which was not recorded. Thereafter, at the direction of the agent, he destroyed the deed to plaintiff and conveyed the lots to innocent third parties, knowing that a part of the consideration was the payment of the agent's debts: Held, that as the defendant knew that the lots were being conveyed to pay the agent's debts, he acted at his peril, and was liable to plaintiff unless he could show that the agent acted under authority from plaintiff.

3. Frauds, Statute of—Memorandum and Writings—Sufficiency.— Though the original agreement referred to above was in parol, the execution and delivery of the deed by defendant took the case out of the statute of frauds.

4. Principal and Agent—Misuse of Principal's Property—Liability of Third Party—Measure of Damages.—In such a case, the defendant is liable not because of his failure to comply with his contract, but because of his tort in depriving plaintiff of her property, and the measure of damage is the reasonable market value of the property of which she was deprived.

J. VERSER CONNER for appellant.

HARRY WALLINGFORD, WALTER LAPP and HENRY J. TILFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Bertha R. Parsons, through her agent and brother, Richard Thomas, contracted with Rector Johns for an exchange of her house and lot in the Highlands for three unimproved lots and $100.00 in cash. On April 3, 1914, Mrs. Parsons conveyed her house and lot to Johns. On the same day, Johns conveyed the three unimproved lots either to Mrs. Parsons or to her brother, Richard Thomas. The deed was delivered to Thomas but was never recorded. Some time later Thomas went to Johns and stated that he had sold one of the lots to Schwartz Bros., and asked Johns to make a conveyance direct to them.

Thereupon the original deed was destroyed and Johns conveyed one of the lots to Schwartz Bros., and

the other lots to Thomas. A few months later, Thomas returned and stated that another one of the lots had been sold to Schwartz Bros., and the deed to Thomas was destroyed and another lot was conveyed by Johns direct to Schwartz Bros. Some time thereafter, the parties went through the same performance, and the remaining lot was conveyed to Schwartz Bros. The consideration for the conveyance to Schwartz Bros. was a certain amount in cash, and the payment of certain grocery bills owing by Thomas.

Alleging that she had agreed to trade her property to the defendant, Johns, for the three unimproved lots and $100.00 in cash, but that he had failed to convey the three unimproved lots to her or to pay the $100.00, plaintiff, Bertha R. Parsons, brought this suit against Johns for the specific enforcement of the contract, but if that could not be obtained, to have her conveyance to Johns set aside. The Schwartz Bros. were made parties to the action on the ground that they were claiming an interest in the property. On final hearing plaintiff was given judgment in the sum of $600.00, with interest from the time the petition was filed. Johns appeals.

Thomas was the agent of Mrs. Parsons for the purpose of making and closing the trade. Under the contract which he made, Mrs. Parsons was to convey her house and lot to Johns in exchange for the three unimproved lots and $100.00. We may concede, as is claimed by Thomas and Johns, that the original deed conveying the three lots was made to Mrs. Parsons, and that at different periods after that time Johns conveyed the lots to Schwartz Bros. at the direction of Thomas, who stated that he desired to pay certain grocery bills due the Schwartz Bros., and that his purpose in having the conveyances made direct to them was to save recording fees. Every agency is subject to the legal limitation that it cannot be used for the benefit of the agent himself, or of any person other than the principal, in the absence of an agreement that it may be so used; and, as this is a matter of law, and not of fact, all persons must take notice of it. 21 R. C. L. sec. 88, p. 910; Columbus Merchants, etc., Nat. Bank v. Ohio Valley Furniture Co., 57 W. Va. 625, 50 S. E. 880, 70 L. R. A. 312. Having been informed that the conveyances were being made to Schwartz Bros. for the purpose of paying the

debts of Thomas, Johns knew that Thomas was being benefited at the expense of his principal, and therefore acted at his peril in depriving Mrs. Parsons of her property by placing it in the hands of innocent third parties, and thereby became liable to her unless he could show that the different transactions were authorized by Mrs. Parsons. This he attempted to do, but after a careful consideration of all the evidence, and especially of certain circumstances that speak more forcibly than words, we have reached the conclusion that the chancellor did not err in holding that Thomas had no authority from Mrs. Parsons to direct that the conveyances be made to Schwartz Bros.

But it is argued that the judgment is in the teeth of the well established rule that damages cannot be recovered for the breach of a contract within the statute of frauds. In our opinion the statute of frauds has no place in the case. Though it be true that the original contract was in parol, the execution and delivery of the deed by Johns to Mrs. Parsons took the case out of the statute, and we base his liability not on his failure to comply with the contract, but on his tort in destroying the original deed and depriving Mrs. Parsons of her property. That being true, the chancellor did not err in holding that the measure of plaintiff's damage was the reasonable market value of the property of which she was deprived.

Judgment affirmed.